**Shawn MALUTIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7479.

Court of Appeals of Alaska.

July 27, 2001.

**20.** Statement of Representative Porter, *supra* footnote 16.

Allan R. Thielen, Assistant Public Defender, Kodiak, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Joseph S. Slusser, Assistant District Attorney, J. Michael Gray, District Attorney, Kodiak, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

■ Alaska Appellate Rule 209(b)(5) states that when a criminal defendant receives appellate counsel at public expense, "[a]t the conclusion of the appellate proceeding, the clerk of the appellate courts shall enter judgment against the defendant for the cost of appointed appellate counsel *unless the defendant's conviction was reversed by the appellate court.*" (Emphasis added) We are asked to decide whether this exemption from attorney's fees extends to a defendant who prevails on appeal, but whose appeal does not include a challenge to his conviction. For the reasons explained here, we conclude that the exemption should be construed as it is written: only defendants who succeed in having their convictions reversed are exempt from paying attorney's fees.

Shawn Malutin was convicted of attempted first-degree sexual abuse of a minor. He appealed to this court, but he did not challenge the validity of his conviction. Rather, Malutin raised two points related to his sentencing. First, Malutin attacked the superior court's decision to make him pay restitution to the victim for future counseling expenses. Second, Malutin contended that the superior court should have excised from the pre-sentence report all information relating to Malutin's prior court-ordered psychological evaluation.

In *Malutin v. State*, Memorandum Opinion No. 4294, 2000 WL 1545014 (October 19, 2000), we agreed with Malutin that the record did not support the superior court's restitution order, and we also agreed that all references to Malutin's prior psychological evaluation should have been excised from the pre-sentence report. (We did not, however, decide whether the Department of Corrections could rely on that prior psychological evaluation when making decisions concerning Malutin's supervision and treatment. See Judge Mannheimer's concurring opinion.)

After we issued our decision, the Clerk of the Appellate Courts notified Malutin that she intended to enter judgement against him for attorney's fees in the amount of $500—the amount specified by Appellate Rule 209(b)(6) for felony sentence appeals. Malutin objected to the proposed judgement. He argued that, because he prevailed on both of the points that he raised on appeal, Appellate Rule 209(b)(5) exempted him from paying attorney's fees. After considering Malutin's objection, the Clerk ruled that Malutin would have to pay the $500 because Appellate Rule 209(b)(5) only exempts defendants whose convictions are reversed. Malutin now appeals the Clerk's decision.

Based on our examination of the legislative history of Appellate Rule 209 (*i.e.*, the memoranda and draft rules contained in the Court Rules Attorney's archive files), it appears that the Alaska Supreme Court first took up the idea of making indigent defendants shoulder a portion of their attorney's fees in the mid–1980s. At that time, Public Defender (now Chief Justice) Dana Fabe convinced the court that this proposal was inconsistent with existing statutes—in particular, AS 18.85.120(c).[1] The supreme court then decided to ask the legislature to amend this statute.[2]

The result was SLA 1990, ch. 185, § 1, which enacted an amended version of AS 18.85.120(c). The pertinent part of the amendment reads:

> Upon the [indigent] person's conviction, the court may enter a judgment that a person for whom counsel is appointed pay for the necessary services and facilities of representation and court costs. . . .

Approximately two years later, the supreme court issued Supreme Court Order No. 1088, which amended Criminal Rule 39 and Appellate Rule 209 to impose attorney's fees on defendants who receive counsel at public expense.

AS 18.85.120(c) states that attorney's fees can be imposed only on those indigent defendants who are convicted. Criminal Rule 39(c)(1)(A) contains a parallel limitation: the rule authorizes trial courts to impose attorney's fees on defendants who are convicted, or whose probation is revoked, or who attack their conviction and lose.[3]

Appellate Rule 209(b)(5) also parallels AS 18.85.120(c), but from an appellate perspective. The statute declares that convicted defendants shall be made to pay attorney's fees. The appellate rule adheres to this policy by imposing attorney's fees on all defendants who *remain convicted* following the appellate process—i.e., all defendants who do not secure a reversal of their conviction.

■ Despite Malutin's victory on appeal, he remains convicted. (As we explained above, Malutin did not challenge his conviction.) Because Malutin remains convicted, and because Appellate Rule 209(b)(5) directs the Clerk to enter judgement for attorney's fees "unless the defendant's conviction was reversed by the appellate court", the Clerk appears to have rightly concluded that Malutin should be ordered to pay $500 attorney's fees (the amount specified in Appellate Rule 209(b)(6)).

But even though Rule 209(b)(5) appears to require attorney's fees of all defendants whose convictions are not reversed, Malutin argues that the rule can not be taken literally. He contends that such an interpretation of the rule is "excessively narrow". Malutin points out that if defendants who secure a reversal of their convictions are the only ones

---

1. *See* Memorandum, "Crim. Rule 39; App. Rule 209(b): Appointment of Counsel for Indigent Defendants", dated October 29, 1990 from Court Rules Attorney Christine Johnson to the supreme court and the administrative director of the court system.

   The former version of AS 18.85.120(c) stated, in pertinent part: "To the extent that a person is able to provide for an attorney, the other necessary services and facilities of representation, and court costs, the court may order the person to pay for these items."

2. *See id.*

3. The rule reads: "Upon conviction of an offense, [or] revocation of probation, [or] denial of a motion to withdraw plea, [or] denial of a motion brought under Criminal Rule 35.1 [*i.e.*, denial of a petition for post-conviction relief], the court shall prepare a notice of intent to enter judgment for the cost of appointed counsel in accordance with [the schedule of costs contained in] paragraph (d) of this rule[.]"

exempted from attorney's fees, then attorney's fees will invariably be levied on all defendants who do not attack their convictions—for example, defendants like Malutin who pursue only sentence appeals, or defendants who file non-dispositive petitions for review. Malutin argues that "such a result could not have been contemplated" by the supreme court when it enacted Appellate Rule 209(b).

■ We disagree. The policy behind Appellate Rule 209(b)(5) is that indigent litigants should shoulder at least some portion of the legal expenses that society incurs on their behalf. The fact that a defendant is "indigent" for purposes of receiving counsel at public expense does not necessarily mean that they are without income or assets. As we explained in *George v. State*[4]:

> [T]he definitions of "indigency" contained in the Alaska statutes and court rules focus on a person's ability to hire private counsel. Many people with regular incomes will be found "indigent" under these definitions, even though they could afford to pay a $100 filing fee if that were the only expense of litigation.

944 P.2d at 1184. Likewise, a defendant might be unable to spend thousands of dollars to hire private counsel, yet still be able to afford attorney's fees of $500.

Under our legal system, litigants normally are expected to bear a significant part of their legal fees, even when they win the litigation. For indigents accused of crimes, the legislature has modified this expectation: indigent defendants need not pay if they are not convicted. But this is a departure from normal practice. As the supreme court explained in *State v. Albert*[5], when it upheld the constitutionality of Criminal Rule 39 and Appellate Rule 209:

> Nonindigents who must pay for counsel may choose to forego counsel because they believe that the benefits of counsel's service are outweighed by its costs. The fact that our market system forces nonindigents to make such a choice has never been regarded as a deprivation of the right to counsel, even though the fees incurred in serious felony cases may exceed all the assets of all but the wealthiest defendants. An indigent's choice as to whether or not to accept appointed counsel, given the eventual cost of counsel under Criminal Rule 39, is not different in kind from the economic choice which must be made by a nonindigent accused of crime. There is no principled way to say that the burden placed on the indigent is unconstitutional while that placed on the nonindigent is constitutional.

899 P.2d at 112–13.

If Malutin had had sufficient funds to hire a private attorney, and if he had pursued and won this same sentence appeal, he would be obliged to pay his attorney. The policy of Appellate Rule 209(b)(5) is that indigent defendants should be placed in an analogous situation: they should be obliged to pay something toward the cost of the attorney they received at public expense—subject to the legislatively-mandated exemption for defendants who are not convicted.

For these reasons, we conclude that even though Malutin prevailed on the two issues he raised on appeal, the Clerk's decision ordering Malutin to pay $500 in attorney's fees is indeed the result contemplated by the supreme court when the court promulgated Appellate Rule 209(b). We therefore AFFIRM the Clerk's decision to enter judgement against Malutin for $500.

---

4. 944 P.2d 1181 (Alaska App.1997).

5. 899 P.2d 103 (Alaska 1995).